Brian J. Brazier (SBN: 245004)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: 818-600-5564
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Sean Love*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LOVE,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A.,<br><br>Defendant. | Case No. 2:18-cv-9863<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*<br>3. Intrusion Upon Seclusion<br>4. Cal. Civ. Code § 3294 |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sean Love ("Plaintiff"), by and through his attorneys, alleges the following against Capital One Bank (USA) N.A. ("Defendant" or "Capital One"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

4. Count IV of Plaintiff's Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3284, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367(a) and 47 U.S.C. §227.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in California.

9. Plaintiff is a "debtor" as defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

11. Defendant, Capital One, is Virginia corporation that engages in business in California. Defendant can be served with process through its address, 1680 Capital One Drive, McLean, Virginia 22102.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

13. Defendant is attempting to collect a debt from Plaintiff. Plaintiff used the credit he obtained from Defendant to make purchases for personal, family and household purposes.

14. In or around April 23, 2018, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-7840, in an attempt to collect a debt.

15. The calls mainly originated from the following number: (800) 955-6600. Upon information and belief, that phone number is owned or operated by Defendant.

16. Between April 23, 2018 and June 3, 2018, Defendant called Plaintiff almost daily. Defendant would frequently call Plaintiff more than one time per day.

17. During that time period, Defendant placed approximately sixty (60) phone calls to Plaintiff's cellular phone.

18. On or about June 6, 2018, at 1:52 p.m., Plaintiff answered a call from Defendant and spoke with a representative.

19. After picking up the call, Plaintiff heard an unusually long delay before Defendant's representative began speaking, indicative of the use of an automatic dialing system.

20. Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

21. During that call, Plaintiff unequivocally revoked consent to be called any further.

22. Despite his request, Plaintiff continued to receive calls on his cellular phone.

23. Between June 6, 2018, the date Plaintiff revoked consent to be called further, and August 3, 2018, Defendant called Plaintiff's cellular phone approximately fifty-five (55) times.

24. Defendant called Plaintiff almost every day during that time period and would frequently call Plaintiff multiple times a day.

25. The FCC noted in its 2003 TCPA Order that a predictive dialer is

COMPLAINT AND DEMAND
FOR JURY TRIAL

"equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

28. Defendant placed calls to Plaintiff in a manner to predict the times he was available to answer his phone, indicating the use of a predictive dialer.

29. Defendant is familiar with the TCPA, and the RFDCPA.

30. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

31. Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt, increasing the amount Plaintiff was willing to pay, or causing Plaintiff to make a small payment that would restart the statute of limitations.

32. Specifically, Plaintiff reasonably believed that Defendant would never stop calling him because Defendant lead Plaintiff to believe that he could only stop the collection calls by settling his debt with Defendant.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

34. Each and every one of Defendant's telephone calls caused Plaintiff distraction, temporary loss of use of his telephone line, annoyance and embarrassment.

35. Defendant's calls interrupted Plaintiff's daily activities, by causing him to stop what he was doing to pick up his phone, and check that the number that was calling

was not of importance, all of which caused a distraction to Plaintiff.

36. Defendant's conduct induced stress, anxiety, and embarrassment.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Defendant violated the RFDCPA. Defendant' violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

   b. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   c. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

   d. Defendant violated Cal. Civ. Code §1788.11(d), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (d) Causing a telephone to ring repeatedly or continuously to annoy the person called;" and

   e. Defendant violated Cal. Civ. Code §1788.11(e), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

   f. Defendant violated Cal. Civ. Code §§ 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the

        collection of an alleged debt.

    g. Defendant violated Cal. Civ. Code §§ 1788.11 by calling Plaintiff repeatedly to annoy Plaintiff, and with such a frequency as to be unreasonable and to constitute an harassment of Plaintiff.

42. Defendant's acts, as described above, were done intentionally and with malice with the purpose of harassing, abusing, annoying, coercing, intimidating, and oppressing Plaintiff to pay.

43. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, punitive damages, statutory damages, and attorney's fees and costs.

## COUNT III

### Defendant's Invasion of Privacy of Plaintiff

44. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

45. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

46. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff having unequivocally revoked consent to be called.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that frequently interrupted Plaintiff's daily activities,

        temporarily occupied Plaintiff's telephone line, and distracted Plaintif.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Plaintiff to pay the alleged debt, or to pay more than Plaintiff would otherwise, or to cause Plaintiff to unknowingly restart the statute of limitations.

47. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## COUNT V
### (Exemplary Damages – Punitive Damages)

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

50. Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

51. Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

52. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

53. Defendant was aware that Plaintiff had requested to not be called on his cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in

violation of the TCPA, RFDCPA and Plaintiff's privacy rights.

54. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sean Love respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA and the RFDCPA;

B. Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

C. Actual damages pursuant to Cal. Civ. Code §1788.30;

D. Statutory damages pursuant to Cal. Civ. Code §1788.30;

E. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a)Punitive damages for intrusion upon Plaintiff's seclusion;

F. Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30;

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Court deems appropriate.

Respectfully submitted this 21th day of November 2018

By: /s/ *Brian J. Brazier*
Brian J. Brazier (SBN: 245004)
*Attorneys for Plaintiff,*
*Sean Love*

-9/9-

COMPLAINT AND DEMAND
FOR JURY TRIAL